UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **Michael E. Jones,** | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | |
| | § | Civil Action No. H-07-4435 |
| **Michael J. Astrue,** | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| *Defendant*, | § | |

## OPINION AND ORDER

Both parties filed competing motions for summary judgment in this case. For the reasons set forth below, Plaintiff's motion (Dkt. 13) is GRANTED, and Defendant's motion (Dkt. 11) is DENIED.

## Background

Plaintiff Michael E. Jones ("Jones") challenges the Social Security Administration's ("SSA") October 22, 2007 decision denying an application for Title II disability insurance benefits ("DIB"). Jones filed his initial application for DIB on March 17, 2005, alleging limitations from deep vein thrombosis ("DVT") in his left leg, diabetes, high blood pressure and pulmonary emboli (Dkt. 13, p.2). The Social Security Administration ("SSA") denied his initial claim on April 22, 2005, stating that insufficient evidence existed to prove disability (TR 36).

Jones requested reconsideration of the SSA decision on May 2, 2005 (TR 77). The SSA denied reconsideration of Jones' initial claim on August 30, 2005 (TR 79-81). The explanation accompanying the denial affirmed that Jones' symptoms of DVT were "not severe enough to be

considered disabling," and that the evidence did not demonstrate his "ability to perform basic work activities" as severely limited (TR 46).

Jones then filed for a *de novo* hearing before an administrative law judge ("ALJ") on January 9, 2006 (TR 47-48).  The initial ALJ hearing occurred on August 30, 2006 (TR 386-391).  Although Jones did appear at the hearing, he requested and received a continuance in order to obtain representative counsel (TR 389).  However, at the subsequent hearing on December 12, 2006, Jones appeared without counsel and orally waived his right to counsel (TR 394).  Jones testified along with a medical expert and a vocational expert (TR 394).  Following the hearing, the ALJ reached a decision on February 9, 2007, that denied benefits to Jones (TR 19-29).

After the unfavorable ALJ determination, Jones obtained counsel and filed a request to review the ALJ decision on April 3, 2007 (TR 12-18).  Attached to this request were a new set of medical records and consultative examinations which asserted Jones could not perform the range of work-related activities specified in the ALJ's residual functional capacity ("RFC") determination (TR 305-385).  The supplemental exhibits included additional treatment notes and a "Medical Assessment of Ability To Do Work-Related Activities" ("Assessment") from Dr. Victor Sims, Jones' treating physician (TR 379-383).  The exhibits also contained a 2007 consultative RFC examination, blood work results and imaging tests performed on Jones prior to the Appeals Council decision (TR 306-378).

The Appeals Council specifically incorporated those exhibits into the record of this matter and granted an extension for consideration of those materials (TR 8-9, 10-11).  However, the Appeals Council denied Jones' request to review the ALJ decision October 22, 2007, making the decision of the ALJ final (TR 5-7).  The Appeals Council action did reference the additional treatment notes and

2

consultative examinations provided by Jones, but did not specifically discuss what bearing they held on the analysis (TR 5).  The only mention of the additional evidence in the Appeals Council decision explained that "we considered the reasons you disagree with the decision and the additional evidence" submitted, but "found that this information does not provide a basis" for overturning the ALJ decision (TR 5-6).

Jones then filed the instant federal complaint on December 19, 2007 (Dkt. 1).  Pursuant to § 205(g) of the Social Security Act ("the Act"), Jones seeks review of the SSA's denial of the March 17, 2005 application for DIB benefits.  Jones' complaint is properly before the court because he filed suit in his home district, in a timely fashion, and has exhausted all of his administrative remedies (Dkt. 1).  *See* 42 U.S.C. § 405(g); *McQueen v. Apfel*, 168 F.3d 152 (5th Cir. 1999).  Additionally, both parties have waived their right to proceed before a district judge and consented to conduct all further proceedings before the undersigned Magistrate Judge through 28 U.S.C. § 636(c) (Dkt. 9).

## Standard of Review

This court must affirm the defendant's decision if it is supported by substantial evidence, unless improper legal standards were applied.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  "Substantial evidence" requires more than a mere scintilla but less than a preponderance, and is relevant such that a reasonable mind would accept it as adequate to support the conclusion reached.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir.1995) (per curiam).  On questions of fact, this court may not re-weigh the evidence, substitute its judgment for that of the defendant, or reverse his decision if a reasonable mind might find that the relevant evidence he relied

3

upon supports his decision. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision, because "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Masterson,* 309 F.3d at 272; *see also Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir.2001). However, on questions of law, this court may reverse to correct prejudicial legal error. *Id. See also Austin v . Shalala,* 994 F.2d 1170, 1174 (5th Cir. 1993), 42 U.S.C.A. § 405(g).

## <u>Analysis</u>

Jones asserts two grounds for remand that turn on the additional evidence submitted to the Appeals Council. The first argument contends the Appeals Council violated SSR 96-5p by not properly evaluating the supplementary evidence submitted from Jones' treating physician, in which he opined that Jones was incapable of more than sedentary work. Second, Jones argues the Appeals Council is required to specifically detail how the new evidence admitted by the Appeals Council factored into the resultant disability analysis. For the reasons outlined below, the undersigned agrees with Jones and finds remand warranted under sentence four of § 405(g).

Remand of an ALJ decision is authorized solely by sentence four or sentence six in § 205(g) of the Social Security Act ("the Act"). 42 U.S.C. 405(g); *Melynokan v. Sullivan,* 501 U.S. 89 (1991). To remand cases under "sentence four" of § 405(g), the district court must conduct plenary review of the entire record, and enter judgment either "affirming, modifying or reversing" the Commissioner's decision. *Id.* Jones specifically requests the "reversal" and remand of the previous ALJ decision pursuant to sentence four because the Commissioner's failure to follow internal regulations constituted prejudicial legal error and rendered the decision unsupported by substantial evidence (Dkt. 1). Therefore, this Court's task is to ascertain whether the Appeals Council's action

was legally erroneous or factually unsubstantiated based on review of the entire administrative record.

The Act specifically provides that "all medical opinions are to be considered in determining the disability status of a benefits claimant."  *Alejandro v. Barnhart*, 291 F.Supp.2d 497, 507 (S.D.Tex. 2003) (*citing* 20 C.F.R. §§ 404.1527(b), 416.927(b)).   All evidence, including new evidence, must be reviewed by the Appeals Council in making its  decision.  *Carry v. Heckler*, 750 F.2d 479, 486 (5ᵗʰ Cir. 1985).  However, a "treating" physician's opinion should be "accorded great weight" by the ALJ when determining disability.  *See Newton*, 209 F.3d at 455 (citing *Leggett v. Chater*, 67 F.3d 558, 566 (5ᵗʰ Cir. 1995)).  A physician qualifies as a "treating" physician according to the parameters set out in 20 CFR §§ 404.1502, 416.902.  *See* SSR 96-2p at *3.  A treating physician's opinion may be given little or no weight, but only when it is conclusory, obtained through improper medical techniques, or otherwise unsupported by any evidence in the record.  *Newton*, 209 F.3d at 456.

The Act further provides that "good reasons" will be given by the adjudicator to explain the weight given to a treating source's opinion.  20 C.F.R. §§ 404.1527(d), 416.927(d).  When controlling weight is not given to a treating physician's opinion, the weight ascribed to all treating, nontreating and nonexamining sources must be explained.  20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); *see also* SSR 96-2p at *5, SSR 96-5p at *6.  Specifically, SSR 96-5p explains that "adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 and 416.927, providing appropriate explanations for accepting or rejecting such opinions." SSR 96-5p at *4.

Although a treating physician's medical opinions are accorded great weight, opinions concerning issues reserved to the ALJ's five step analysis (e.g., the claimant is "disabled" or only

5

capable of "sedentary work") are neither controlling nor accorded special significance.  SSR 96-5p at *3; 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).  Of course, an ALJ must still consider all medical findings and evidence that support statements concerning issues reserved to the ALJ in light of the entire record when rendering his decision. *Id.* An ALJ may even reject a treating source's medical opinion regarding issues reserved to his judgment outright, providing he issues a written explanation of the "good cause" for doing so.  *Newton,* 209 F.3d at 455-56 (quoting *Brown v. Apfel,* 192 F.3d 492, 500 (5th Cir.1999)); *see also* SSR 96-5p.

The Assessment written by Dr. Sims and submitted to the Appeals Council addressed various questions regarding Jones' ability to lift, walk, and perform other work activities, the extent to which Jones is impaired, and the medical evidence used to justify the conclusions reached (TR 379-83).  The evidence cited by Dr. Sims includes the "leg pain and swelling" he observed as his primary care physician and treating doctor, and the 2007 rehabilitative consultation that found Jones capable of only "sedentary" work (TR 380-82, 365-78).

In its denial of reconsideration, the Appeals Council gave no explanation whatsoever for its apparent rejection of the treating physician's opinion that Jones was impaired and unable to return to work.  The Appeals Council's only reference to the Assessment, along with the five other admitted exhibits that alleged disability, stated that the new evidence "does not provide a basis for changing" the ALJ decision (TR 5-6).

Deserving special recognition is the fact that the ALJ's finding specifically asserted "none of the claimant's attending physicians have placed permanent restrictions that are inconsistent with the restrictions contained in the claimant's residual functional capacity."  The Assessment prepared by Dr. Sims, however, asserts that "Jones' ability to climb, balance, walk, lift, and sit have all been

6

impaired," and   he was capable of only "sedentary work" (TR 383).   Mindful that a treating physician's use of the word "sedentary" is not controlling on the Secretary, the new medical evidence admitted by the Appeals Council contained, at least on its face, precisely the inconsistent permanent restrictions from Jones' treating physician not present before the ALJ.   The dearth of analysis from the Appeals Council does not reflect any of the criteria which must be explained when evaluating a medical source opinion, even on matters reserved to the discretion of the Commissioner.   *See* SSR 96-5p at *4.

In addition, the Appeals Council did not even attempt to reconcile the two conflicting consultative examinations which found totally different residual functionality levels.   The Commissioner may neither pick and choose evidence to support the previous determination.   *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).   When the Commissioner "fails to take into account all relevant evidence," even that submitted after an ALJ hearing, his decision is unsupported by substantial evidence.   *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001).

The Commissioner rightly notes that the memorandum issued by the SSA on July 20, 1995 alleviated the necessity to explain the weight and treatment given to *all* new evidence submitted to the Appeals Council.   *See* Defendant's Brief, Dkt. 13 at p. 5 (citing *Jones v. Astrue*, 228 Fed.App'x. 403 (5th Circuit 2007)).   Furthermore, the Fifth Circuit has acknowledged that an explanation is no longer required upon every submission of new evidence to the Appeals Council level.   *See Jones*, 228 Fed.App'x. at 407 (citing *Higginbotham v. Barnhart*, 405 F.3d 332, 335 at n.1(5th Cir. 2005)).

However, when the contradictory evidence is provided by a treating physician, and yet is not given controlling weight, the ALJ must provide "appropriate explanations" for not doing so.   *Newton*, 209 F.3d at 456 (citing SSR 96-5p at *4).   Even when the opinion is regarding an issue reserved to

the Commissioner, SSR 96-5p specifies that the decision "must explain the consideration given to the treating source's opinion." SSR 96-5p at *6. Furthermore, when that evidence is not only new but directly "contradict[s] earlier evidence," the Commissioner must "weigh" the new evidence in light of the entire record. *See Jones*, 228 Fed.App'x. at 407 (explaining that certain new evidence did not so contradict earlier evidence that a "weighing" would be required). Moreover, the Commissioner issued SSR 96-5p on July 2, 1996, well after the memorandum referenced in *Higginbotham*. *See* SSR 96-5p.

By admitting the supplemental evidence at issue, the Appeals Council viewed the Assessment from Dr. Sims and no doubt observed that it asserted a different level of residual functionality than the evidence previously existing in the record. It found that the Assessment, along with the other exhibits, provided no "basis for changing the ALJ decision" (TR 6). Presumably, the Appeals Council found "good reasons" for doing so. But "the notice of the determination or decision must explain the consideration given to the treating source's opinion." SSR 96-5p at *6. The undersigned may not evaluate Dr. Sim's Assessment, the credibility it should be afforded, or the medical evidence relied upon to issue it. The Commissioner exclusively reserves that power. Written findings are required to determine whether the Appeals Council's analysis would otherwise withstand the legal sufficiency and substantial evidence review that the Act requires this court to perform.

Therefore, the undersigned finds that remand is warranted to provide the Commissioner with the opportunity to reconcile the ALJ's findings with the conflicting supplementary evidence admitted by the Appeals Council, along with all other evidence of record, in the explanatory fashion required by the Act, SSR 96-5p, and precedent of the Fifth Circuit.

## Conclusion

8

Accordingly, for the above stated reasons, the Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's Motion for Summary Judgment is DENIED.   Therefore, the Commissioner's previous decision is REVERSED, and the case is REMANDED, pursuant to sentence four of 42 U.S.C. 405(g), for further proceedings not inconsistent with this opinion.

Signed at Houston, Texas this 1st day of August, 2008.

Frances H. Stacy
United States Magistrate Judge